UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JOHNNY LEE CROOKER (#466172)

VERSUS                                              CIVIL ACTION

LOUISIANA DEPARTMENT OF PUBLIC                      NUMBER 13-279-JJB-SCR
SAFETY AND CORRECTIONS

**NOTICE**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, July 10, 2013.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JOHNNY LEE CROOKER (#466172)

VERSUS                                               CIVIL ACTION

LOUISIANA DEPARTMENT OF PUBLIC                       NUMBER 13-279-JJB-SCR
SAFETY AND CORRECTIONS

## MAGISTRATE JUDGE'S REPORT

Pro se plaintiff, an inmate at St. Tammany Parish Jail, Covington, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against the Louisiana Department of Public Safety and Corrections. Plaintiff alleged that he was denied participation in a work release program in violation of his constitutional rights.

For the reasons which follow, the plaintiff's complaint should be dismissed as frivolous.

### I. Background

Plaintiff alleged that the Department of Corrections denied his request to participate in a work release program on the ground that he has an extensive out-of-state criminal record. Plaintiff alleged that his criminal history does not include violent felony offenses and that other offenders with a violent felony criminal history have been permitted to participate in work release programs.

## II. Applicable Law and Analysis

### A. Frivolous Standard

An in forma pauperis suit is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733 (1992); *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 1831-32 (1989); *Hicks v. Garner*, 69 F.3d 22, 24 (5th Cir. 1995). A court may dismiss a claim as factually frivolous only if the facts are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional. *Denton,* 504 U.S. at 33-34, 112 S.Ct. at 1733. Pleaded facts which are merely improbable or strange, however, are not frivolous for 28 U.S.C. § 1915(d) purposes. *Id.; Ancar v. SARA Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992). Dismissal § 1915(d) may be made at any time before or after service of process and before or after an answer is filed. *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

Under the Eleventh Amendment to the United States Constitution, an unconsenting state is immune from suits seeking monetary damages brought in federal courts by her own citizens as well as citizens of another state. *Edelman v. Jordan*, 415 U.S. 659, 94 S.Ct. 1347 (1974). Although Congress has the power to abrogate this immunity through the Fourteenth Amendment, it has not done so as to claims for deprivation of civil rights under color of state law. *See, Fitzpatrick v. Bitzer*, 427 U.S. 445, 96 S.Ct. 2666

(1976); *Quern v. Jordan*, 440 U.S. 332, 99 S.Ct. 1139 (1979); *Edelman v. Jordan, supra*. Thus, absent consent by the state or congressional action, a state is immune from a suit for damages. Louisiana has not waived her sovereign immunity under the Eleventh Amendment, and is immune from suit in this action. The shield of immunity extends to the Louisiana Department of Public Safety and Corrections as an agency of the state and to the institutions it maintains. *Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312 (5th Cir. 1999); *Anderson v. Phelps*, 655 F.Supp. 560 (M.D. La. 1985).

Prisoners have neither a liberty nor property interest in the work release program. *Ard v. LeBlanc*, 404 Fed.Appx. 928, 929 (5th Cir. 2010) (citing *Welch v. Thompson*, 20 F.3d 636 (5th Cir. 1994)). Classification of inmates in Louisiana is the duty of the Louisiana Department of Corrections and inmates have no right to a particular classification under state law. *McGruder v. Phelps*, 608 F.2d 1023 (5th Cir. 1979.) Prison administrators are accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgement are needed to preserve internal order and discipline and to maintain institutional security. *Hewitt v. Helms*, 459 U.S. 460, 103 S.Ct. 864 (1983).

## RECOMMENDATION

It is the recommendation of the magistrate judge that the

plaintiff's claims be dismissed pursuant to 28 U.S.C. § 1915, and without leave to amend because there is no conceivable, non-frivolous federal claim he could assert consistent with the facts alleged in his complaint.

Baton Rouge, Louisiana, July 10, 2013.

*Stephen C. Riedlinger*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

4